UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,        :
        :
      v.        :        **ORDER**
        :        21-CR-295-3 (WFK)
        :
WEI LIN,        :
        :
        Defendant.        :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 7, 2022, Wei Lin ("Defendant") pled guilty to a lesser included offense of the sole count of the Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(b)(1)(C). The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to 18 months of incarceration, to be followed by 2 years of supervised release, and a $100.00 mandatory special assessment.

## BACKGROUND

On May 28, 2021, a grand jury returned an Indictment charging Wei Lin ("Defendant") with one count of Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). As alleged in the Indictment, on or about April 28, 2021, Defendant, together with others, conspired to distribute and possess with intent to distribute 1,000 kilograms or more of a substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. On June 7, 2022, Defendant pled guilty to a lesser included offense of the sole count of the Indictment pursuant to a plea agreement.

## DISCUSSION

The Court now sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## I.      Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case.  The "starting point and the initial benchmark" in evaluating a criminal sentence is the United States Sentencing Guidelines ("U.S.S.G." OR "Guidelines") sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007).  If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines.  18 U.S.C. § 3553(c)(2).  The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.).  Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant.  The Court addresses each in turn.

## II.     Analysis

### A.  The History and Characteristics of the Defendant and the Nature and Circumstances of the Offense

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).

#### 1.  Nature and Circumstances of the Offense

On April 29, 2021, an individual known to the Government, working for Minerva Transport, a trucking company based in Edmonton, Alberta in Canada, drove a preloaded truck

from Stony Creek in Ontario, Canada to the Peace Bridge Port of Entry in Buffalo, New York. Presentence Investigation Report ("PSR"), ECF No. 43, ¶ 3.  While at the port of entry, U.S. Customs and Border Protection ("CBP") officers conducted a routine screening using a canine unit trained to detect narcotics, including marijuana.  *Id.*  The canine displayed a positive signal for the detection of narcotics in the truck.  *Id.*  A CBP officer asked the individual what he was hauling and where it was going, to which the individual responded he was transporting recycled cardboard destined for Syracuse, New York.  *Id.*  CBP officers also conducted a Vehicle and Cargo Inspection System ("VACIS") exam, which involves using an x-ray system to image the contents of a truck.  *Id.*  The VACIS exam revealed the truck contained numerous large satchels that appeared to contain smaller packages of a loose substance inside.  *Id.*  A subsequent search inside the tractor trailer revealed 25 palletized white plastic satchels.  *Id.*  A search of one of the satchels revealed a green leafy material which field tested positive for marijuana.  *Id.*  A total of 1,709.4 kilograms of marijuana was recovered from the vehicle.  *Id.*

Homeland Security Investigations ("HSI") agents and law enforcement officials responded to the port of entry.  *Id.* ¶ 3.  HSI officers directed the individual driving the truck to continue towards their intended destination.  *Id.*  During the trip, the dispatcher at Minerva Transport changed the drop-off location from Syracuse, New York to Boston, Massachusetts, then to Brooklyn, New York, then to South Plainfield, New Jersey and finally to 110-80 Dunkirk Street in Queens, New York, where the truck was ultimately unloaded.  *Id.*  Shi Guang Huang and Xin Zhou met the truck on the street and helped maneuver it into the warehouse.  *Id.* Defendant and co-conspirators Ting Bin Lin and  WeiWei Huang were inside the warehouse and unloaded the contents of the tractor trailer.  *Id.*  Defendant and his co-conspirators were arrested without incident.  *Id.*

3

2.   <u>Family and Personal Background</u>

Defendant was born on October 9, 1988 in China to the marital union of Shengli Lin

and Yufang Chen.  *Id.* ¶ 30.  Defendant's father lives in New York, while Defendant's mother

lives in China.  *Id.*  Defendant reported he has good relationships with both his parents, but only

his father is aware of the instant offense.  *Id.*  Defendant has one sister, who also lives in New

York.  *Id.* ¶ 31.  Defendant reported having a good relationship with his sister, who is also aware

of the instant offense and remains supportive of him.  *Id.*

Defendant was raised in China by his father in an average income household.  *Id.* ¶ 33.

Defendant reported his basic needs were met and described his childhood as free from abuse and

very good overall.  *Id.*  Approximately 10 years ago, Defendant left China and entered the United

States illegally through Texas, before he ultimately settled in New York.  *Id.*   ICE records indicate

Defendant is legally residing in the United States as a permanent resident but may nevertheless be

subject to removal proceedings.  *Id.*

Defendant has never married and is not presently in a relationship.  *Id.* ¶ 34.  Defendant

lives in a multi-family home with two roommates.  *Id.* ¶ 35.

3.   <u>Educational and Employment History</u>

Defendant attended Chow Young Middle School in China, but withdrew after completing

the eighth grade.  *Id.* ¶ 40.

Prior to September 1, 2019, Defendant was employed at various restaurants performing

odd jobs.  *Id.* ¶ 46.  From 2019 until 2020, Defendant was employed at at Miyabi Asian

Bistro as a sushi chef.  *Id.* ¶ 45.  Defendant left this position as a result of the COVID-19

pandemic in October 2020.  *Id.*  From October 2020 until January 2022, defendant was

unemployed and financially supporting himself through his savings and unemployment benefits.

*Id.* ¶ 44.  From January 2022 until June 2022, Defendant was employed as a sushi chef at ABC Eats Inc.  *Id.*  From June 2022 until November 2022, Defendant was unemployed and supported himself through his savings.  *Id.* ¶ 43.  In November 2022, Defendant returned to his former position at ABC Eats Inc. and has worked there since that time.  *Id.* ¶ 41.

        4.  <u>Prior Convictions</u>

Defendant has no prior criminal convictions apart from the instant offense.  *Id.* ¶ 25.

        5.  <u>Medical and Mental Health</u>

Defendant suffers from Hepatitis B, for which he takes medication.  *Id.* ¶ 37.

        6.  <u>Substance Abuse</u>

Defendant reported no drug or excessive alcohol use.  *Id.* ¶39.

**B.  The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2).

The instant sentence recognizes the seriousness of the Defendant's offense, justly punishes him for this offense, and seeks to deter others from engaging in similar acts.

**C.  The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant.  18 U.S.C. § 3553(a)(3).

Defendant pled guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(B)(1)(C).  For this offense, Defendant faces a maximum term of imprisonment of twenty years and no minimum term of imprisonment. *See* 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(C).  Defendant also faces a maximum term of supervised release of three years.  *See* 18 U.S.C. § 3583(b)(2).

Defendant is also eligible for a term of not less than one nor more than five years of probation because the instant offense is a Class C Felony.  18 U.S.C. § 3561(c)(1).  Pursuant to 18 U.S.C. § 3563(a)(2), if the Court imposes probation, it must also impose a fine, restitution, or community service as a condition of probation unless the Court finds extraordinary circumstances exist that would make such a condition plainly unreasonable.

Defendant also faces a maximum fine of $1,000,000.00 pursuant to 21 U.S.C. § 841(b)(1)(C).  However, as Probation notes, based on Defendant's financial profile, he appears unable to pay a fine.  PSR ¶ 50.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable guideline for offenses under 21 U.S.C. § 846 is U.S.S.G. § 2D1.1(a)(5), which provides a base offense level of 30.

A two-level reduction is warranted pursuant to Guidelines sections 2D1.1(b)(18) and 5C1.2(a) as Defendant has provided a complete and truthful statement regarding the instant

offense and all related conduct to date, as required under the five factors listed in section 5C1.2(a).

An additional four-level reduction is warranted pursuant to U.S.S.G. § 3B1.2(a) as Defendant was a minimal participant in the offense. The offense level is further reduced by two levels pursuant to U.S.S.G. § 3E1.1(a) as Defendant has clearly demonstrated acceptance of responsibility for the offense. Since the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is reduced by an additional one level pursuant to U.S.S.G. § 3E1.1(b). Altogether, this results in a total adjusted offense level of 21.

Defendant has no criminal history apart from the instant offense, thus his criminal history category is I. Based upon a total offense level of 21 and a criminal history category of I, the recommended Guidelines range is 37 to 46 months of imprisonment.

Probation recommends a sentence of 24 months of incarceration, followed by two years of supervised release with special conditions. Probation Sentencing Recommendation at 1, ECF No. 38-1. Probation also notes Defendant should receive an additional one-level reduction to his offense level because the Government and defense counsel agreed to this reduction in the plea agreement in the event Defendant pled guilty pursuant to a plea offer made before June 3, 2022. *Id.* Both the Government and defense counsel agree with this recommendation. Were the additional, one-level reduction to apply, Defendant's total adjusted offense level would be 20, which corresponds to a recommended Guidelines range of 33 to 41 months of imprisonment.

In any case, defense counsel seeks a downward departure and variance from the Guidelines range and recommends a sentence of 18 months' imprisonment. Defendant's Sentencing Memorandum ("Def. Mem.") at 1, ECF No. 62. Defense counsel begins by calling

the Court's attention to a recent amendment to the Sentencing Guidelines, which becomes

effective on November 1, 2023, but which the defense argues is applicable to Defendant.

U.S.S.G. § 4C1.1. Guidelines section 4C1.1 provides for a two-level reduction for defendants

with zero criminal history category points and for whose offense did not involve certain

aggravating factors. *Id.* at 2. Defense counsel argues the Court should apply an additional two-

level downward variance pursuant to this section because Defendant is a "true zero-point

offender." *Id.*

Turning to Defendant's history and characteristics, defense counsel again emphasizes the

instant offense is Defendant's "first encounter with the criminal justice system" and represents a

"clear deviation from an otherwise law-abiding life." *Id.* at 3. Defense counsel admits

Defendant was "technically involved in the conspiracy." *Id.* at 4. However, defense counsel

contextualizes Defendant's participation by explaining Defendant had lost his job in the

restaurant industry due to the COVID-19 pandemic and accepted the unloading job to make

some extra money—a mere $200.00—during this difficult time. *Id.* Defense counsel also argues

Defendant will serve a longer and harsher sentence in the Bureau of Prisons ("BOP") than

similarly situated prisoners, identifying a number of BOP-sponsored programs for which

Defendant is ineligible because of his Chinese citizenship. *Id.* at 5.

In sum, defense counsel urges the Court to consider the following factors, including

Defendant's: (1) lack of criminal history; (2) minimal role in the offense; (3) acceptance of

responsibility and prompt notification of authorities of intention to plead guilty; (4) truthful

provision of all information and evidence concerning the offense pursuant to U.S.S.G.

§3E1.1(b); (5) ineligibility for almost all of the BOP sponsored programs, as well as the First

Step Act; and (6) non-citizen status, which will likely result in Defendant's imminent deportation. *Id.* at 6.

The Government does not object to the application of the two-level downward variance pursuant to U.S.S.G. § 4C1.1 for which defense counsel advocates. The Government recommends a sentence within the Guidelines range factoring in the one-level departure recommended by Probation and the two-level downward variance authorized by U.S.S.G. § 4C1.1. Government's Sentencing Memorandum ("Gov't Mem.") at 1, ECF No. 65. The Government argues such a sentence would "accurately reflect the seriousness of [] [D]efendant's conduct in conspiring to distribute and possess with intent to distribute immense quantities of marijuana—approximately 1,700 kilograms or almost 4,000 pounds, which had been illegally transported from Canada." *Id.* at 4.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5).

The Court has also considered the parties' arguments with respect to Guidelines section 4C1.1.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

## G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense" 18 U.S.C. § 3553(a)(7), which is not applicable here.

### CONCLUSION

The Court finds that a sentence of 18 months of incarceration, to be followed by 2 years of supervised release, is appropriate in light of the foregoing analysis. The Court also imposes the $100.00 mandatory special assessment but does not impose a fine because Defendant does not have the ability to pay. This sentence is consistent with and is sufficient but not greater than necessary to accomplish the purposes of § 3553. The Court also expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein and to the extent they are not inconsistent with the Court's sentence.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2023
Brooklyn, New York

10